## BICYCLE STEPLADDER CO. v. GORDON.

### (Circuit Court, N. D. Illinois. September 11, 1893.)

1. EQUITY—PRACTICE—MOTION TO DISMISS.
   Where complainant makes no objection, the court will determine a question of jurisdiction or of personal privilege, raised by defendant by motion to dismiss the bill instead of by demurrer or plea.

2. CIRCUIT COURT—JURISDICTION—"INHABITANT."
   A resident of Kentucky, who is temporarily in Chicago in charge of an exhibit at the World's Columbian Exposition, is an "inhabitant" of Kentucky, and not of Illinois, within the meaning of Act March 3, 1887, c. 373, § 1, (24 Stat. 552,) as corrected by Act Aug. 13, 1888, c. 866, (25 Stat. 434,) which provides that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant. Shaw v. Mining Co., 12 Sup. Ct. Rep. 935, 145 U. S. 444, followed. U. S. v. Southern Pac. R. Co., 49 Fed. Rep. 297, distinguished.

In Equity. Bill by the Bicycle Stepladder Company against John E. Gordon to enjoin infringement of letters patent granted to complainant for improvements in store service ladders. Defendant moves to dismiss the bill. Granted.

Elliott & Hopkins, for complainant.
Dyrenforth & Dyrenforth, for defendant.

JENKINS, Circuit Judge. The complainant files its bill to restrain the alleged infringement by the defendant of letters patent granted to the complainant for certain improvements in store service ladders. The bill charges that the complainant is a corporation organized under the laws of the state of Iowa, and that the defendant is a citizen of the state of Kentucky, residing at Lexington, in said state, "and a business inhabitant of and doing business at the city of Chicago, Illinois." Process was served upon the defendant within this district. Without otherwise appearing to the suit, the defendant moves to dismiss the bill upon the ground that upon the face of the bill it appears that the court is without jurisdiction, the defendant being a citizen of and resident within the state of Kentucky; and also asserting as a personal privilege his right to be sued only in the latter state. It is disclosed by the affidavits supporting and counter to the motion that the defendant, with his family, resides in the state of Kentucky, in which state he exercises his political rights and privileges; that he came to Chicago about the 1st of June last, where he has since remained in charge of an exhibit of ladders of his own manufacture at the World's Columbian Exposition; that these ladders were manufactured at his factory in the state of Kentucky; that he has, during his sojourn in Chicago, taken some orders for his manufacture of

v.57 F.no.5—34

ladders, which were filled from his manufactory in Kentucky, one of which orders was from a resident of Chicago; and that he intends to return to his home in the state of Kentucky at the close of the Exposition.

Following the intimation of Judge Thayer in Reinstadler v. Reeves, 33 Fed. Rep. 308, the defendant has seen fit to present the question of jurisdiction or of personal privilege by motion to dismiss, and not by demurrer or plea. The complainant making no objection to the manner in which the matter is brought to the attention of the court, I feel at liberty to determine the question involved without indorsing or considering the practice adopted.

The act of March 3, 1887, c. 373, § 1, (24 Stat. 552,) as corrected by the act of August 13, 1888, c. 866, (25 Stat. 434,) determining and asserting the jurisdiction of the circuit courts of the United States, contains this provision:

"And no civil suit shall be brought before either of the said courts against any person or by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the case is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The suit here being for an alleged infringement of patent granted by the United States, the court has jurisdiction of the subject-matter. The case falls, therefore, within the first clause of the provision quoted. The objection to the entertaining of the suit by this court is one going not to the jurisdiction of the court, but rests upon the assertion by the defendant of his personal privilege to be sued only in the district of which he is an inhabitant.

There has been some diversity of opinion in the circuit courts with respect to the proper definition of the term "inhabitant," within the meaning of the act. It was used in the original judiciary act, (1 Stat. 78,) as explained by Justice Gray in Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935, "to avoid the incongruity of speaking of a citizen of anything less than a state," when two or more districts were embraced in one state. In that case the second clause of the provision was considered, but the language employed is equally applicable to the first clause here involved, so far as it affects the judicial interpretation of the term "inhabitant." Mr. Justice Gray, speaking for the court, says at page 449, 145 U. S., and page 937, 12 Sup. Ct. Rep.:

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of the earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a circuit court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen; and that this act, therefore, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

I cannot but hold that ruling to be decisive here. The court, in effect, construes the word "inhabitant" to be, within the meaning of the act, synonymous with "resident." In the light of previous legislation upon the subject of the original jurisdiction of the federal courts, and of the connection in which the word is used, I think the word is here employed in the sense of "resident." It comprehends locality of existence; the dwelling place where one maintains his fixed and legal settlement; not the casual and temporary abiding place required by the necessities of present surrounding circumstances. A mere "sojourner" is not an "inhabitant" in the sense of the act. The meaning, I think, is well expressed by Judge Deady in Holmes v. Railway Co., 5 Fed. Rep. 523: "An inhabitant of a place is one who ordinarily is personally present there; not merely in itinere, but as a resident and dweller therein."

The case of U. S. v. Southern Pac. R. Co., 49 Fed. Rep. 297, decided by Mr. Justice Harlan, is pressed upon my attention. The question there considered was with respect to the domicile of a corporation created by one state and operating and maintaining offices in another. It was held that, although a corporation was a legal habitant in the state of its creation, it could also become an inhabitant of another state for the purposes of business and of jurisdiction in personam. This proceeded upon the ground that the corporation carried on business in the other state by express license of that state, and upon the implied condition that it was subject to the process of courts within that jurisdiction. Whether or not that decision can be upheld I need not here inquire. Mr. Justice Harlan's ruling certainly appeals to one's sense of justice, and of what ought to be, if it is not. The decision rests upon peculiar ground, not applicable to natural persons. It is further to be observed that that case was decided prior to the decision in Shaw v. Mining Co., supra, and that Mr. Justice Harlan dissented from the opinion of the court in the latter case.

Upon the face of the bill the defendant is a citizen and resident of Kentucky. He cannot also be, within the meaning of the term as employed in the act, an inhabitant of Illinois. He is a "sojourner" in the city of Chicago during the time of the Exposition. That does not, however, subject him to this suit in this jurisdiction, if he chooses to avail himself of his privilege of exemption. The motion to dismiss will be granted.