**KING et al. v. WALL & BEAVER STREET
CORPORATION et al.**

No. 8724.

United States Court of Appeals
District of Columbia.

Argued June 13, 1944.

Decided Oct. 16, 1944.

378

Mr. Spencer Gordon, of Washington, D. C., for appellants Harry O. King and Isabella G. King, with whom Mr. H. Cecil Kilpatrick, of Washington, D. C., was on the brief for appellant Munson Line, Incorporated.

Mr. Walter M. Bastian, of Washington, D. C., with whom Mr. A. K. Shipe, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

## GRONER, C. J.

This is a derivative action brought in the District of Columbia by plaintiffs, citizens of the State of New York, as stockholders of Munson Line, Incorporated, a Maryland corporation, against ·Harry O. King, the President and a director of that corporation, and against Isabella Greenway King, his wife, alleged in the complaint to be residents of the District of Columbia. The action was brought to recover a judgment against the individual defendants in favor of the corporation for alleged breaches by them of fiduciary duty to the corporation. The Munson Line was accordingly made a party defendant, and service was had on it at its office in Baltimore, Maryland.

The two individual defendants answered the complaint, denying that either of them is or was a resident or inhabitant or citizen of the District of Columbia, and alleging as to Harry O. King that he is and was at all times a resident and citizen of the State of Connecticut, and that Isabella Greenway King was, prior to her marriage, a citizen of Arizona, but that since her marriage to King she has resided in Bridgeport, Connecticut.

The defendant Munson Line filed a motion to dismiss, or to quash the service, on the ground that the jurisdiction of the court is founded on diversity of citizenship, and that Munson Line is not a citizen of the District of Columbia, nor engaged in business in the District, and was served out-

side the District, as the result of which the service was void and wholly ineffectual.

The Kings subsequently filed a motion for a preliminary hearing under Rule 12(d) of the Federal Rules of Civil Procedure, 28. U.S.C.A. following section 723c, and for summary judgment pursuant to Rule 56 thereof. Depositions were taken on the question of the Kings' domicile and residence; and the District Court found as facts that when they were served they were living in the District of Columbia, the defendant. Harry O. King being then Director of the Copper Division of the War Production Board, a temporary position which he had held since March, 1942, at a salary of $1.00 a year. The court further found that neither of the Kings had the intention of making the District his or her permanent home:

"When the action was filed and when the defendants Harry O. King and Isabella Greenway King were served with process, their permanent home was a dwelling on Old Battery Road, Bridgeport, Connecticut, in which they had lived before Mr. King came to Washington, * * *. This house . has been kept ready for occupancy, and has been at times occupied by Mrs. King and at times by both Mr. and Mrs. King after Mr. King went to Washington. They have intended to maintain this dwelling in Bridgeport, Connecticut, as their permanent home. The domicile of Harry O. King and Isabella Greenway King is in the State of Connecticut, and they are citizens of that state."

The court further found that the defendant Munson Line is a corporation of Maryland, with its principal office in Baltimore, and that it has never transacted business in the District of Columbia.

On these findings the court concluded as a matter of law that the venue of the action was properly laid in the District of Columbia under the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112,. and that service of process on the Munson Line was likewise properly made under Section 51 of the Judicial Code. Accordingly the motion to quash the service and the motion for summary judgment were denied.

Presumably, the court was of opinion that because at the time of filing the suits and service of process the Kings were actually, though temporarily, residing in the District of Columbia, they were for that

reason "residents" within Section 51 of the Judicial Code, notwithstanding their actual citizenship in Connecticut. But it is well established that the words "inhabitant" and and "resident in", as used in Section 51 of the Judicial Code, mean neither more nor less than legal domicile, as the result of which jurisdiction except by consent is confined to the district in the State of which one or the other of the parties is a citizen. See Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; In re Keasbey & Mattison Co., 160 U.S. 221, 228, 16 S. Ct. 273, 40 L.Ed. 402; Bicycle-Stepladder Co. v. Gordon, C.C., 57 F. 529; United States v. Gronich, D.C., 211 F. 548. Cf. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; Putnam v. Ickes, 64 App.D. C. 339, 78 F.2d 223.

In this view the court below was in error in holding that the District of Columbia is the district of residence of the Kings under Section 51 of the Judicial Code.

As it happens, however, plaintiffs are not asking us to affirm the judgment on the grounds assigned by the lower court, but rather on the broader ground that Section 11—306 of the District of Columbia Code expands the jurisdiction of the local court to include all cases in law and equity between parties, both or either of which *shall be found within the District of Columbia,* and that since the Kings were actually found in the District, the service on them is valid. This might be a satisfactory answer to the problem if it were not that the Munson Line is an indispensable party to this action.[1] But unless service of process on Munson Line in Baltimore and out of the territorial jurisdiction of the lower court can be sustained, the action, as settled "for over a century" by established law, cannot be maintained, and if the action cannot be maintained against the Munson Line, it cannot be maintained at all.

And this brings us to the vital question in the case. As to this counsel for plaintiffs say that the District Court of the United States for the District of Columbia has, as we have seen, been given general jurisdiction of suits in law and equity where the defendants are found within the District; that accordingly, service of process on the Kings in the District was valid, and being valid, brings the case within the 1936 addition to Section 51 of the Judicial Code, 28 U.S.C.A. § 112. The language relied upon is as follows:

"Except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation, and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found." Based on this language, it is argued that since under the local statutes covering jurisdiction of the courts in the District of Columbia, the Kings, being found in the District, are properly sued there, it follows that process may be served upon the corporation wherever it is domiciled. But we think this does not follow. It is true, as we have seen, that the District Court of the United States for the District of Columbia may exercise jurisdiction if defendants are found within the District, but it is also true that under the provisions of the local statutes, process from the District Court may not issue or be served on any person not an inhabitant of or found within the District. Code, 1940, § 11—308. Clearly, therefore, there is no local jurisdiction by which the Munson Line, an indispensable

---

[1] Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 554.

"As for Giannini's motions to dismiss the complaints in both actions, it has been settled law for over a century (Cunningham v. Pell, 5 Paige, N.Y., 607), that the wronged corporation is an indispensable party to a shareholders' action. City of Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938; Baltimore & Ohio R. Co. v. City of Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834; Philipbar v. Derby, supra, 2 Cir., 85 F. 2d 27. Cf. Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145. It is hornbook law that the claim is the corporation's, and for that reason the delinquent directors will not be protected by any judgment which does not conclude the corporation. If they succeed in defeating the action, other shareholders may bring another; if the recovery is too little, the same thing is possible. Therefore, as soon as the service of process upon the Transamerica Corporation was set aside in the case at bar, it became inevitable that the complaints against Giannini should be dismissed."

party, as we have seen, may be brought into this litigation. To accomplish that purpose, therefore, it is necessary to have recourse to Section 51 of the Judicial Code, and a glance at the provisions of this section clearly demonstrates that such a suit as we are concerned with here is permissible only in the district of the domicile of the plaintiff or the defendant, and the facts of this case do not bring it within either of these provisions. To reach a different conclusion, therefore, we should have to apply the local statute to the jurisdictional question involving the Kings and ignore the restrictive provisions of that statute so far as the Munson Line is concerned; and likewise to apply the 1936 exception to the general statute with relation to service of process on the corporation and ignore the restrictive provisions of the section in relation to jurisdiction as to the individual defendants, i. e., the officers of the corporation. This would be an anomalous and unprecedented proceeding, for which we are cited to no authority and for which we are unable to find any. It would amount to holding that in the enactment of Section 51 of the Judicial Code, Congress fixed one rule of venue in actions under Section 51 for all district courts of the United States except in the District of Columbia, and a different rule for the latter court. It is impossible to think that Congress ever contemplated any such result. Clearly, in the 1936 amendment, all that Congress was seeking to accomplish was to establish a third jurisdiction in which suits like this could be brought, that is to say, in addition to the district of the plaintiff and the district of the defendant, also, the district of the corporation. And that this is clearly shown is proved by the use of the words in the 1936 amendment "and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found." (Italics supplied.) Clearly, this is not one of "such cases", for here the suit was instituted against the Kings, citizens of Connecticut, in the District of Columbia, where they happened at the moment to be found, a place where neither of them is suable under Section 51. The entire legislative history of the statute (Section 51) demonstrates clearly that Congress has been intent upon limiting rather than expanding the venue of civil actions. The amendment of 1936 did extend the limits, but only to meet a specific and pressing need, and there is nothing to show, and everything to the contrary, that Congress had in mind that a totally different venue in the District of Columbia was required to meet that need.

■ Here the court below could have acquired jurisdiction in this cause only if the Kings and the Munson Line had waived their privilege of asserting improper venue. The District Court of the United States for the District of Columbia, as we have often said, is clothed with a two-fold jurisdiction. It has all the ordinary and usual jurisdiction of a State court in respect to matters which in a State would be exercised by a State court, and this it attains by Acts of Congress under the provisions of Section 8 of Article I of the Constitution. It likewise has all of the jurisdiction and powers of United States district courts elsewhere, and this jurisdiction is, in turn, conferred by Acts of Congress under Article III of the Constitution. O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356.

In the instant case its jurisdiction was invoked, as we have seen, under the provisions of Section 51 of the Judicial Code, and since the necessary jurisdiction, as we have shown, cannot be found in that provision, nor indeed in any provision of the local law—except by ignoring certain of the basic conditions of the one or the other, it seems to us necessarily to follow that the court below was in error in refusing to quash service of process on Munson Line and in refusing to dismiss the action as to the defendants, the Kings. The result would have left the two jurisdictions provided under Section 51—Connecticut or Maryland—in either of which the action might be validly commenced and concluded.

■ Finally, appellees argue that the question of King's domicile has not yet been determined; that it was improper for the court to make findings of fact when considering a motion for summary judgment; that the issue of domicile is an issue of fact which is still open and should be decided on the evidence to be offered at the trial. However, King's motion had two branches—a request for a preliminary hearing on the defense of improper venue brought under Rule 12(d) of the Federal Rules, and a request for summary judgment of dismissal brought under Rule 56. The cause came on for a hearing on these motions; the pleadings, affidavits, and depositions were submitted to the court,

and the full argument was had upon the issue. It does not appear that the appellees requested an opportunity to present other evidence at this time. The court did conduct a preliminary hearing with full opportunity to appellees to bring forward any other evidence on the issue of King's domicile. Such preliminary hearings are not summary proceedings, but are separate trials of separate issues. 3 Fed.Rules Service, 678–681. Consequently, the court was fully justified, indeed, was required, to make findings of fact.

The order must be reversed. The motion of the Munson Line, Incorporated, to dismiss the complaint as to it and the motion of King for a summary judgment should be granted.

Reversed and remanded for further proceedings in conformity with this opinion.