James G. **ELLINGBURG**, Petitioner-Appellant,

v.

L. M. **CONNETT**, Warden, Federal Correctional Institution Records Office Officials, et al., Respondents-Appellees.

No. 71-2729
Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

March 20, 1972.

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

[redacted]

James G. Ellingburg, pro se.

Roby Hadden, U. S. Atty., Tyler, Tex., for respondents-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

[redacted] James G. Ellingburg, petitioner-appellant, is imprisoned in the federal penitentiary at Texarkana, Texas, in the Eastern District of Texas. He has filed several civil actions and petitions for mandamus in the Northern District of Texas, alleging that he cannot get a fair hearing in the Eastern District of Texas. The civil action now before this Court asks for relief from various actions of prison officials including: 1) refusal to remove state detainers; 2) opening of Ellingburg's mail; 3) denial of minimum custody, because of legal assistance furnished by Ellingburg to other prisoners; 4) spying on prisoners and their visitors; and 5) serving unequal portions of food. The district court treated the complaint as a petition for habeas corpus relief and dismissed the case for lack of "jurisdiction", citing 28 U.S.C. § 2241(a).[1]

We hold that the district court erred in its characterization of the complaint and dismissal of the case. The complaint stated a civil action for damages and injunctive relief against officers and employees of an agency of the United States. 28 U.S.C. § 1391(e) provides:

> A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

[redacted] Since none of the defendants resides in the Northern District of Texas, venue in the Northern District may not be predicated on § 1391(e) (1). The cause of action arose in the Eastern District of Texas; venue in the Northern District, therefore, may not be predicated on § 1391(e) (2). § 1391(e) (3) may not be used to establish venue in the Northern District of Texas, because no real property is involved in the case. Section 1391(e) (4), however, may be a basis for venue in the Northern District. For purposes of the venue statute, "One does not change his residence to the prison by virtue of being incarcerated there". Cohen v. United States, 9 Cir. 1962, 297 F.2d 760, 774. "It is well established that the words 'inhabitant' and 'resident in', as used in Section 51 of the Judicial Code mean neither more nor less than legal domicile . . . ." King v. Wall & Beaver Street Corp., 1945, 79 U.S.App.D.C. 234, 145 F.2d 377, 379. See also Neuberger v. United States, 2 Cir. 1926, 13 F.2d 541; United States v. Stabler, 3 Cir. 1948, 169 F.2d 995;

1. Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
28 U.S.C. § 2241(a).

[redacted]

Smith v. Murchison, S.D.N.Y.1970, 310 F.Supp. 1079; 1962 U.S.Code Cong. & Admin.News pp. 2784–90.

█ This record is silent as to Ellingburg's domicile/residence. Accordingly, we remand the case to the district court for it to determine Ellingburg's "residence". If his "residence" is located in the Northern District of Texas, venue is proper in that district under § 1391(e) (4); if venue is proper, the district court should proceed to hear the case. If venue is not proper, the district court should consider a change of venue under 28 U.S.C. § 1406.

Reversed and remanded.

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent. Except for a purported claim for damages this in reality is a suit dealing solely with the internal administration of a federal prison.

It seems clear to me that Congress enacted 28 U.S.C., § 1391(e) (4) for the purpose of allowing a person to seek redress in a conveniently located United State Court without having to go, for instance, all the way to Washington to litigate his rights at that distant point.

The plaintiff complains of procedures followed by prison authorities at Texarkana. He is in the Eastern District of Texas. The prison officials are there. The clear purpose of the statute is served by giving him a trial in the Eastern District of Texas. The convenience of both the prisoner and the prison authorities, as well as the efficiency of adjudication, would dictate such a result.

The plaintiff, for reasons of his own, is obviously seeking to avoid a trial in the Eastern District of Texas. The majority opinion permits it. I cannot think that Congress could possibly have intended that federal prison authorities would have to chase all over the United States at the whim of the prisoner, who has a readily available federal forum, to defend such suits. It is true that the United States has attorneys everywhere.

It is also true that testimony may be taken by deposition, but this procedure denies the trial court, or jury, of a very important function, the opportunity to observe witnesses and assess their credibility.

With deference to the views of my distinguished colleagues, with whom I regret to differ, I think the result in this case was not intended by Congress, will impose added burdens upon prison authorities who apparently have more to do now than they can reasonably do, and will likewise add to the burdens of the courts, depriving them, as I have said, of the very important ingredient of judging who is telling the truth.

In short, I would look to the real, not the colorable, nature of the case and I would hold that a claim for damages does not change the essential character of this litigation. The purpose of this lawsuit is to obtain a judicial order to alter administrative procedures and processes within prison walls. I cannot think of an action more local in character.

I would affirm, per curiam, the judgment of the court below.