In the Matter of Parkview-Gem, Inc., a Delaware Corporation, Debtor.

PARKVIEW–GEM, INC., Appellee,

v.

Sam STEIN et al., Appellants.

No. 74–1788.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1975.

Decided May 13, 1975.

Rehearing Denied June 3, 1975.

Alvin D. Shapiro, Kansas City, Mo., for appellants.

Don M. Jackson, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by respondents, Stein, Hayes and Mark, from order filed September 18, 1974, granting a preliminary injunction made permanent fifteen days after its filing. The preliminary and permanent injunctions issued enjoined the respondents from (1) taking or continuing any action that threatens the leasehold interest of Parkview-Gem of Hawaii, Inc.; (2) interfering with, or attempting to interfere with, Parkview-Gem of Hawaii, Inc. in a manner that will affect the stock of Parkview-Gem of Hawaii, Inc.; (3) seizing, or attempting to seize, the property of Parkview-Gem of Hawaii, Inc.; or (4) filing, or threatening to file, any proceeding at law or in equity against Parkview-Gem of Hawaii, Inc.

Parkview-Gem, Inc., filed a petition for reorganization under Chapter X of the Bankruptcy Act on December 18, 1973, in the Western District of Missouri. On December 20, 1973, Judge Collinson referred the case to Bankruptcy Judge Barker for hearing and determination of all proceedings not specifically reserved to the district judge under Chapter X.

The primary issue raised by this appeal is whether the district court in the reorganization proceedings had subject matter jurisdiction over the affairs of Parkview-Gem of Hawaii, Inc., a solvent subsidiary of the debtor corporation, whose stock was 100% owned by the debtor. The Hawaiian subsidiary is not a party to the reorganization proceedings.

After the trial court issued a temporary restraining order which effectively precluded the respondents from exercising forfeiture rights as lessors on a lease in which the subsidiary was lessee, the respondents filed petition for mandamus or prohibition which was denied by this court upon the basis no need for extraordinary relief had been shown. Our opinion, Stein v. Collinson, is reported at 8 Cir., 499 F.2d 91. In such opinion we set out the factual background of this litigation in considerable detail and quote pertinent portions of the lease. We shall not repeat this factual material in detail.

Respondents are the lessors of the premises occupied by the Hawaiian corporation. The debtor, a prior lessee, had long prior to the bankruptcy proceedings validly assigned all of its interest in the lease to Parkview-Gem of Hawaii, Inc., and the assignee became the lessee and has made the payments due under the lease. The debtor by virtue of the valid assignment of the lease was not relieved

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

of its liabilities under the lease. No claim has been asserted in the bankruptcy court against the debtor upon its lease obligations.

The respondents as landlords, due to high interest costs, were dissatisfied with the existing lease and entered into negotiations with debtor's Trustee to increase the rent or terminate the lease and ultimately served notice of forfeiture on the Trustee, based upon a bankruptcy clause in the lease.

Upon motion of the Trustee, the bankruptcy court on May 17, 1974, entered *ex parte* a temporary restraining order and an order to show cause why a preliminary injunction should not issue enjoining respondents from taking any proceedings to interfere with the leasehold interest of Parkview-Gem of Hawaii, Inc. On May 28, 1974, the date fixed for hearing upon such order, respondents filed response to show cause order and special appearance challenging subject matter jurisdiction of the court to grant the relief requested by the Trustee.

It is established beyond dispute that Parkview-Gem of Hawaii, Inc., is not a party to the reorganization case and is not insolvent. In *Stein, supra,* we stated:

> Any jurisdiction over the affairs of the subsidiary must therefore depend upon whether the leasehold interest is "property" of the debtor, Parkview-Gem, Inc., within the meaning of § 111 of the Bankruptcy Act:
>
>> Where not inconsistent with the provisions of this chapter, the court in which a petition is filed shall, for purposes of this chapter, have exclusive jurisdiction of the debtor and its property, wherever located.
>
> 11 U.S.C. § 511.

Petitioners contend that the property interests of the subsidiary are not subject to the jurisdiction of the trial court. This contention is in agreement with the general rule that courts in Chapter X proceedings are without jurisdiction to enjoin an action against a subsidiary. 6 Collier on Bankruptcy (14th ed., 1972), § 3.11, pp. 500–01. [499 F.2d at 94.]

In In re Beck Indus., Inc., 479 F.2d 410, 415 (2nd Cir. 1973), the court holds:

> In determining whether Subsidiary or its assets constitute "property" of the debtor within the meaning of the Act, we must note that Beck's sole interest in Subsidiary is its ownership of Subsidiary's outstanding stock. Ownership of all of the outstanding stock of a corporation, however, is not the equivalent of ownership of the subsidiary's property or assets. See In Re Gobel, Inc., 80 F.2d 849, 851 (2d Cir. 1936); Klein v. Board of Tax Supervisors, 282 U.S. 19, 23–24, 51 S.Ct. 15, 75 L.Ed. 140 (1930); Liman v. Midland Bank Ltd., 309 F.Supp. 163, 167 (S.D. N.Y.1970). Even though the value of the subsidiary's outstanding shares owned by the debtor may be directly affected by the subsidiary's disputes with third parties, "Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate." Callaway v. Benton, 336 U.S. 132, 142, 69 S.Ct. 435, 441, 93 L.Ed. 553 (1949).

To like effect, *see* In re Tonkawa Ref. Co., 502 F.2d 1341 (10th Cir. 1974); In re South Jersey Land Corp., 361 F.2d 610 (3d Cir. 1966); In re Adolf Gobel, Inc., 80 F.2d 849 (2d Cir. 1936).

The possible exception to the rule just stated, as noted in *Stein* that where the parent and the subsidiary are completely "one", the corporate veil may be pierced and the separate identity may be disregarded, has no application to the facts of this case. There is no finding in the case before us that the subsidiary is a sham or that it serves no legitimate corporate purpose, nor is there any substantial evidence which would support such a finding. As heretofore stated, the Hawaiian subsidiary had separate officers, directors and management and maintained separate bank records and bank accounts. At the hearing Mr. Tenenbaum, debtor's vice-president, and counsel

conceded that the parent and the subsidiary were separate and distinct corporate entities.

Both the bankruptcy judge, serving as Special Master, and the trial court place considerable weight upon the fact that the respondents rely on the bankruptcy of the parent as a basis for forfeiture of the lease and that negotiations were conducted between the respondents and Trustee with respect to the negotiations and termination of the lease. Such issue is irrelevant. The crucial issue is whether the lease is the property of the debtor. On this issue, the court found:

> Shortly after this purchase, the interests of the lessee, Gem International, Inc. (tenant), were assigned to Parkview-Gem of Hawaii, Inc., a wholly-owned subsidiary of the debtor. There is no question as to the validity of this assignment under the terms of the lease.

Such finding is supported by substantial evidence and is not clearly erroneous.

The issue of whether the lease is subject to forfeiture is not before us. Such issue requires resolution by a court having jurisdiction. We express no view upon the issue.

■ Since the debtor was not the owner of the lease and the Trustee had neither actual nor constructive possession of the rights conferred by the lease, the court was without jurisdiction to enjoin respondents from instituting proceedings to terminate the lease owned by the subsidiary.

The Trustee relied on Rule 915 of the Rules of Bankruptcy Procedure, which reads:

> (a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served.

■ The show cause order here involved was issued on May 17, 1974, and required respondents to show cause on May 28, 1974, at 2:00 o'clock p. m. why the relief requested by the Trustee should not be granted. The only pleading filed by the respondents is Special Appearance and Response to Show Cause Order, which the record shows was filed on May 28, 1974 at 2:00 p. m., the date and hour set for the show cause hearing. Endorsed on such response is the notation "file and docket same date as hearing." The Trustee urges that the filing of the special appearance was untimely in that it was not presented until after the commencement of the examination of the first witness. The pleading above described was the only pleading filed by the respondents and the only issue raised by the pleading is lack of subject matter jurisdiction. We believe that under the record before us the filing was timely. *See* In re Los Angeles Trust Deed & Mortgage Exchange, 464 F.2d 1136, 1139–1141 (9th Cir. 1972); In re Perspectron, Inc., 422 F.2d 576, 579–580 (7th Cir. 1970).

There is some authority to the effect that the subject matter jurisdiction of the bankruptcy court in reorganization proceedings may be somewhat broader than exists in ordinary bankruptcy proceedings. *Compare* 9 Am.Jur.2d Bankruptcy §§ 28 and 1499 (1963). In Katchen v. Landy, 382 U.S. 323, 327 (1966), the Court holds that bankruptcy courts "have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession." There is also some authority for granting summary jurisdiction when the controversy is related to claims filed against the trustee. *See* In re Los Angeles Trust Deed & Mortgage Exchange, *supra*.

Neither of the foregoing situations applies to the facts of this case. The lease in controversy is the property of the subsidiary. The Trustee has neither actual nor constructive possession of the leasehold interest. Respondents have filed no claim nor have they sought any affirmative relief from the bankruptcy court and thus have not invoked the jurisdiction of that court.

It is likely true that the termination of the lease of the Hawaiian subsidiary would adversely affect the debtor. However for the reasons heretofore pointed out, an adverse affect upon the debtor is not an adequate basis for granting the bankruptcy court jurisdiction. *See* Callaway v. Benton, 336 U.S. 132, 142, 69 S.Ct. 435, 93 L.Ed. 553 (1949).

The judgment granting the temporary and permanent injunction is reversed. The case is remanded to the district court to dismiss the proceedings commenced by the Trustee for want of subject matter jurisdiction.