J. William HAYES et al., Plaintiffs,

v.

PARKVIEW–GEM OF HAWAII, INC., a Hawaii Corporation, Defendant.

Civ. No. 75–252.

United States District Court,
D. Hawaii.

June 2, 1976.

Lawrence I. Weisman, Honolulu, Hawaii, for plaintiffs.

Bert T. Kobayashi, Jr. and Alan M. Goda, Kobayashi, Koshiba & Watanabe, Honolulu, Hawaii, for defendant.

## OPINION

WONG, District Judge.

*Statement of the Case*

The events leading up to the present litigation are delineated, in part, in *Stein v. Collinson*.[1] This Court agrees with the Eighth Circuit that this case "has had an interesting history."

The *Collinson* court outlined the litigation as follows:

The original lease dated February 15, 1968 was for a term ending in 2023 and provided for fixed monthly rental installments and an additional percentage of net sales. On May 31, 1968, Gem International, Inc. acquired the rights of the lessee by assignment. On May 4, 1970, a series of documents were executed, under which (1) Gem International, Inc. assigned its rights in the lease to Alexander J. Barket, Mary Kay Barket and Tudie S. Patti; (2) the assignees executed a sublease to Gem International, Inc. as sublessee; and (3) Parkview-Gem, Inc. guaranteed the performance of the obligations of Gem International, Inc. under the sublease agreement. On April 3, 1972, petitioners acquired the interests of Alexander J. Barket, Mary Kay Barket and Tudie S. Patti. On July 29, 1972, Gem International, Inc. assigned its interests as sublessee to Parkview-Gem of Hawaii, Inc., a wholly-owned subsidiary of Parkview-Gem, Inc., pursuant to a conditional right of assignment contained in the original sublease. Shortly thereafter, on July 31, 1972, Gem International, Inc. was merged into Parkview-Gem, Inc.

On December 18, 1973, Parkview-Gem, Inc. filed a petition for reorganization in

the United States District Court for the Western District of Missouri. Thereafter, in May, 1974, petitioners notified Gem International, Inc. of their election to exercise their right of cancellation of the sublease by reason of the reorganization proceeding instituted by Parkview-Gem, Inc.[2]

After the trustee in bankruptcy sought and was granted a temporary restraining order by the district court to prevent the threatened action, plaintiffs here petitioned the Eighth Circuit to nullify the temporary restraining order by writ of mandamus or prohibition. The Court of Appeals refused the writ without prejudice holding that the district court had not abused its discretion in entering a temporary restraining order to preserve the status quo pending determination of whether it had jurisdiction.[3]

Plaintiffs here subsequently appealed the jurisdictional issue and the Eighth Circuit in *Parkview-Gem, Inc. v. Stein*[4] reversed the judgment granting the permanent and temporary injunctions and remanded the case to the district court to dismiss the proceedings commenced by the trustee for want of subject matter jurisdiction.

The Court of Appeals grounded its decision upon a finding by the lower court that since the parent and the subsidiary were separate corporate entities, and since the sublease in question had been validly assigned to the subsidiary, the action should be tried in the district in which the subsidiary could be found.

The plaintiffs thereupon filed the present complaint for summary possession in the District of Hawaii on July 18, 1975. The complaint was answered on August 7, 1975, and Defendant Parkview-Gem of Hawaii, Inc. (hereinafter "Hawaii") on November 18, 1975 filed a motion for summary judgment on the issue of whether the bankruptcy clause of the lease had been breached.

Two days later, on November 20, 1975, plaintiffs filed a motion for leave to file

1. 499 F.2d 91, 92–93 (8th Cir. 1974).

2. *Id.* (footnotes omitted).

3. *Id.* at 95.

4. 516 F.2d 807 (8th Cir. 1975).

amended complaint, alleging, *inter alia,* fraud against the plaintiffs by the parent, Parkview-Gem, Inc., which allegedly was alter ego to the subsidiary Hawaii.

On November 21, 1975, a stipulation was entered and an order filed allowing plaintiffs to substitute attorneys, pursuant to a motion for leave to withdraw as counsel filed by plaintiffs' counsel on October 30, 1975.

After arguments were heard on December 1, 1975, the parties submitted additional briefs and memoranda on the issues raised by the motion to amend. From December 9, 1975 until February 11, 1976, this Court stayed further proceedings in this matter while it was being litigated in the bankruptcy court of the Western District of Missouri. On the latter date, on the basis of the Eighth Circuit's decision in *Parkview-Gem, Inc. v. Stein, supra,* Frank P. Barker, Jr., Chief Bankruptcy Judge for the Western District of Missouri, denied the trustee's motion for preliminary injunction against plaintiffs' attempt to amend his complaint in the instant action.

This Court thereupon allowed the various points raised by the parties during the December 1 hearing on the motion to amend to be briefed by the parties, and memoranda and supplemental memoranda were subsequently filed. Having been made fully aware of the issues raised, and having carefully considered the arguments, memoranda, and reasoning of the parties, this Court has decided that plaintiffs' motion to amend will be denied in part and granted in part.

I. *Proposed Amendment Contains Allegations which are Contrary to Allegations Previously Advanced by Plaintiffs and are Contrary to Findings and Decisions of Other Federal Courts*

In *Parkview-Gem, Inc. v. Stein, supra,* the Eighth Circuit, after stating the general rule that the property interests of the subsidiary are not subject to the jurisdiction of the bankruptcy court, pointed to the "possi-ble exception . . . where the parent and the subsidiary are completely 'one'," thus allowing the trial court to pierce the corporate veil.[5] However, the Eighth Circuit observed:

> There is no finding in the case before us that the subsidiary is a sham or that it serves no legitimate corporate purpose, nor is there any substantial evidence which would support such a finding.[6]

Moreover:

> Both the bankruptcy judge, serving as Special Master, and the trial court place considerable weight upon the fact that the respondents rely on the bankruptcy of the parent as a basis for forfeiture of the lease and that negotiations were conducted between the respondents and Trustee with respect to the negotiations and termination of the lease. Such issue is irrelevant. The crucial issue is whether the lease is the property of the debtor. On this issue, the court found:
>
> > Shortly after this purchase, the interests of the lessee, Gem International, Inc. (tenant), were assigned to Parkview-Gem of Hawaii, Inc., a wholly-owned subsidiary of the debtor. There is no question as to the validity of this assignment under the terms of the lease.
>
> Such finding is supported by substantial evidence and is not clearly erroneous.
>
> The issue of whether the lease is subject of forfeiture is not before us. Such issue requires resolution by a court having jurisdiction. We express no view upon the issue.
>
> ▇ Since the debtor was not the owner of the lease and the Trustee had neither actual nor constructive possession of the rights conferred by the lease, the court was without jurisdiction to enjoin respondents from instituting proceedings to terminate the lease owned by the subsidiary.[7]

In proceedings before this Court, the plaintiffs now argue that the only thing

---

**5.** *Id.* at 809.

**6.** *Id.*

**7.** *Id.* at 810.

binding from the Eighth Circuit is that "the plaintiffs in that case purportedly filed a special appearance and that the issue of the validity of the lease between the plaintiffs and the defendant in this case 'requires resolution by a court having jurisdiction.' It is precisely that issue which the plaintiffs have put before this Court in the proposed amended complaint."[8]

The issue before this Court is whether the facts found by the bankruptcy judge and the trial court, and affirmed by the Eighth Circuit in deciding that it lacked subject matter jurisdiction, are binding upon this Court in respect to facts alleged in the plaintiffs' proposed amended complaint.

It is clear that the plaintiffs in this case argued, and the Eighth Circuit ultimately agreed, that the lease here in question was validly assigned and now belongs to defendant Hawaii. Defendant Hawaii therefore correctly points out that, as a practical matter:

> [I]f plaintiffs are allowed to allege otherwise, the matter will undoubtedly be taken up with the Bankruptcy Court and with the Eighth Circuit for reinstatement of the injunctive relief which was previously granted.[9]

Nevertheless, this Court will deal with the effect of the findings of the lower court with regard to subject matter jurisdiction upon the proposed amended complaint in this case.

Fed.R.Civ.P. 52(a), Findings by the Court, states in pertinent part:

> (a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute grounds of its action. Requests for findings are not necessary

for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b).

There is no question, either by the Eighth Circuit or by this Court, as to the validity and regularity of the findings of fact made by the bankruptcy judge and the trial court. Indeed, the Eighth Circuit found that the finding at issue here "is supported by substantial evidence and is not clearly erroneous."

There may be some question as to whether the finding was "unnecessary on decisions of motions under Rule 12 or . . . any other motion except as provided in Rule 41(b)" in that the appeal in *Stein* was not from a Rule 12 motion but from an injunction enjoining plaintiffs from taking any proceedings to interfere with the leasehold interest of Parkview-Gem of Hawaii, Inc. Nevertheless, since the grounds for opposing the injunction in effect constituted a 12(b)(1) motion, this Court will treat the finding as a Rule 12 finding.

Professor Moore states, with regard to the district court determining facts in ruling on Rule 12 motions:

> In *King v. Wall & Beaver Street Corp.*, the defendant's objection to improper venue raised issues of fact, in addition to questions of law; a preliminary hearing was had pursuant to Rule 12(d); and the district court made findings. Judge Groner, for the Court of Appeals of the District of Columbia, stated:
>
> > Such preliminary hearings are not summary proceedings, but are separate trials of separate issues. . . . Conse-

---

**8.** Plaintiffs' Memorandum in Support of Motion to Amend Complaint (Dec. 4, 1975) at 2.

**9.** Defendant's Memorandum in Support of Motion to Strike or for Leave to File Supplementary Memorandum (Dec. 10, 1975) at 5.

quently, the court was fully justified, indeed, was required, to make findings of fact.

Although the literal language of the 1946 amendment stating that findings are unnecessary on decisions of motions under Rule 12 may obviate the above decision, made prior to the 1946 amendment, we do not believe that it should for two reasons. The 1946 amendment should be read in conjunction and harmonized with the earlier provision of the rule requiring findings in all actions "tried upon the facts"; and the reasons for findings of fact are equally pertinent to this proceeding.[10]

■ This Court agrees with Professor Moore and with Judge Groner's reasoning in *King* that findings of fact on Rule 12 hearings, and hence on hearings on subject matter jurisdiction, are completely justified and may indeed be required.

This Court notes, moreover, that although Rule 52(a) expressly states that "[f]indings of fact . . . are unnecessary," there is no concomitant and express prohibition against making such findings.[11]

■ Although neither *King* nor the other cases herein cited are on all fours with the instant case, the principle involved remains eminently applicable: Findings of fact made by the trial court with regard to the issue of subject matter jurisdiction are to be treated with the same deference given to findings of fact made in a trial of the merits where, as here, the appropriate court of appeals has found that the finding is supported by substantial evidence and is not clearly erroneous.

This principle seems especially apt when it is apparent, as it is here, that the plaintiffs, when faced with the prospect of being enjoined by the bankruptcy court from proceeding with their action on the lease, sought to transfer their case to another forum by alleging that the bankruptcy court lacked subject matter jurisdiction.

■ That the plaintiffs are now faced with the prospect of being barred from pleading certain allegations because the contrary was conceded by them as true in an effort to undercut the jurisdiction of the bankruptcy judge and district court, and which concessions the Eighth Circuit accepted as fact, is perhaps unfortunate for the plaintiffs. Nevertheless, the ultimate responsibility for the decision to pursue such a litigation strategy was plaintiffs' alone. They were represented by competent counsel and doubtless, at the time, thought that half a loaf was better than none.

Having made their decision, plaintiffs are now bound by it. In attempting to amend their complaint, the plaintiffs will be allowed only to pursue those claims which are not inconsistent with those facts necessary to the Eighth Circuit decision that the district court lacked subject matter jurisdiction over Defendant Parkview-Gem of Hawaii, Inc. For this Court to rule otherwise would result in a situation in which disgruntled litigants would be able to forum shop by simply alleging the facts necessary to dispossess an unfavorable forum of jurisdiction, and then later attempt to change those facts to their advantage in the new forum.[12]

---

**10.** 5A Moore's Federal Practice ¶ 52.03[1], at 2738–2739; *King v. Wall & Beaver Street Corp.,* 79 U.S.App.D.C. 234, 145 F.2d 377, 381 (1944).

**11.** *See, e. g., Dardar v. Louisiana State Department of Highways,* 447 F.2d 952 (5th Cir. 1971), in which the court held that findings of fact by the trial court, reviewed under the clearly erroneous standard of Rule 52(a), were sufficient to give the trial court admiralty jurisdiction; *and, also, e. g., Krasnov v. Dinan,* 465 F.2d 1298 (3d Cir. 1972), in which the court held that findings of fact by the trial court were not clearly erro-

neous and supported the grant of a motion to dismiss for lack of diversity jurisdiction.

**12.** Plaintiffs, of course, argue that all the Eighth Circuit decided was that Hawaii was a separate corporation for purposes of subject matter jurisdiction under the Bankruptcy Act. Plaintiffs then cite *Carson v. Imperial "400" National, Inc.,* 267 N.C. 229, 147 S.E.2d 898 (1966) for the proposition that a partnership in which the parent corporation retained a fifty percent interest in the partnership was an alter ego for the purposes of the bankruptcy clause in the lease between the parent corporation and the landlord. Since in the instant case the

## II. *Failure to Join an Indispensable Party*

Defendant's argument is simply that the amended complaint does not join Parkview-Gem, Inc., the parent corporation of Hawaii. The parent, as noted, is currently undergoing reorganization in the bankruptcy court of the Western District of Missouri.

Defendant notes that the "plaintiffs' allegations make it abundantly clear that the real party defendant is Parkview-Gem, Inc. and not Hawaii who was not even formed" at the time of the alleged fraudulent transaction. Nevertheless, although plaintiffs allege that Hawaii was organized to defraud plaintiffs and other creditors, and thus was Parkview-Gem, Inc.'s alter ego, Parkview-Gem, Inc. was not joined as a defendant. As an alter ego, moreover, the parent would be the lessee of the lease which the subsidiary possesses and plaintiffs wish to terminate.[13] Hence, defendant argues that Professor Moore's words are applicable:

> [A]ll persons interested in the title who will be directly affected by the decree are indispensable parties.[14]

Defendant concludes: "No relief herein could be shaped directly affecting the interest of Parkview-Gem, Inc., either as lessee, conspirator, or otherwise," and hence it must be joined as a party.[15]

In response, plaintiffs raise the following arguments. First, the indispensable party

argument was rejected by the Eighth Circuit in a final decision which is res judicata and collateral estoppel. Second, the argument would only lead to a "Catch 22" situation since the Rules of Bankruptcy prohibit the joining of a bankrupt defendant as a party defendant. Third, the Eighth Circuit has decided that this is the appropriate court to test the validity of the lease, and since only Gem of Hawaii "purports to hold the lease, it would be an exercise in futility to join its assignor as a defendant." Thus, plaintiffs conclude that the proposed amended complaint joins the proper parties and full relief can be based upon the proposed amended complaint.[16]

With regard to the first point, the judgment of the Eighth Circuit is binding only with respect to the fact that parent and subsidiary are separate entities, that the lease was properly assigned, that Hawaii is now the sole holder of the lease, and that the Eighth Circuit was without jurisdiction to hear the bankruptcy clause claim. In testing the validity of the lease that Hawaii now holds, it is clear that Parkview-Gem, Inc. is not now an indispensable party, so long as no "alter ego" or fraud involving Parkview-Gem, Inc. is alleged.

With regard to the "Catch 22" situation, if such a situation exists, it is a dilemma of plaintiffs' own choosing.

█ While it is true that a plaintiff may plead alternative causes for relief, such al-

parent, Parkview-Gem, Inc., retains 100% interest in the subsidiary, plaintiffs argue that, on the basis of *Imperial,* the wholly-owned subsidiary, Hawaii, must be considered the alter ego of the parent corporation.

Since this Court does not subscribe to plaintiffs' attempt artificially to dichotomize and thus abuse the facts by asserting their validity for jurisdictional but, subsequently, not for bankruptcy purposes, such an argument must, of necessity, fail. Moreover, this Court believes *Imperial* does not stand for the proposition that plaintiffs have put forward.

The only question the *Imperial* court decided was whether "the findings support the judgment awarding possession of the demised premises to plaintiffs?" 147 S.E.2d at 900. The fact that the parent corporation and the successor partnership were alter ego was assumed to be true on the basis of the trial

court's finding which was uncontested by defendant on appeal. Thus the question of the exact circumstances which constitute "alter ego" was never fully litigated in the appellate court. If only on this basis, this Court finds singularly unpersuasive plaintiffs' argument espousing separate facts for jurisdiction and subsequently for the merits.

13. Defendant's Memorandum in Opposition to Motion to Amend Complaint (Nov. 28, 1975) at 11–12.

14. 3A Moore's Federal Practice ⁋ 19.09[1], at 2312–2314. *See also* ⁋ 19.10, at 2345–2347.

15. Defendant's Memorandum, *supra* note 13, at 12.

16. Plaintiffs' Memorandum, *supra* note 8, at 18.

ternative grounds cannot be allowed when plaintiffs have conceded, and courts have found as facts, circumstances which would be in complete contravention of the necessary factual basis for these alternative grounds for relief. *See* discussion *supra*.

█ Plaintiffs in their memorandum re joinder under Rule 19 pose as an essential premise that the "wording of the sublease alone is sufficient to permit" the termination of the sublease [17] Pursuant to this reasoning, plaintiffs themselves limited their arguments in proceeding in the district court to those involving a breach of a contractual provision of the lease. They could very well have raised alternative arguments of alter ego and fraud and then appealed the case to the Eighth Circuit had the district court ruled against them.

Having been able to transfer the instant case to the District of Hawaii, plaintiffs cannot now be heard to allege and argue facts which gave rise to and allowed the transfer in the first instance. This Court therefore agrees with plaintiffs that it would be an exercise in futility to join assignor as a defendant since only Hawaii now owns the lease; thus, the grounds on which plaintiffs may attach the lease are those which do not involve allegations of "alter ego" between parent and subsidiary, or fraudulent conveyance by Gem, International, Inc. to Hawaii of the sublease here in question.

III. *The Amended Complaint Would Be Subject to a Motion to Dismiss Under Rule 12(b)(6)*

Defendant also argues that "it would be idle for the court to allow such amendments over objections of the opposing party who would merely make a formal Motion to Dismiss after leave to amend is granted." [18]

Defendant argues that such a motion to dismiss would have to be granted simply because defendant "was not even in existence until . . . some *three (3) months after* the alleged misconduct," and therefore "could not possibly have done *anything.*" (Defendant's emphasis.) Thus, defendant concludes, "such an amendment would be idle and the request to amend should be denied." [19]

Plaintiffs' position is that a suit may be maintained against the beneficiary of a fraud without joining the parties committing the fraud. Citing the Restatement and various cases, they argue that as plaintiffs they may choose among joint tortfeasors and may sue all or one of them. Thus, plaintiffs argue, defendants would not be able to maintain successfully a motion to dismiss under 12(b)(6).

This Court need not reach the issue since it has found the Parkview-Gem, Inc. need not be joined in the present action since no allegation of alter ego or fraudulent conveyance between parent and subsidiary will be heard by this Court.

*Conclusion*

Plaintiffs will be allowed to amend their complaint only to the extent such amendment is not inconsistent with this decision. Defendant will prepare a proposed order denying in part and granting in part the motion to amend and will submit the proposed order to this Court for approval.

---

17. Plaintiffs' Points and Authorities re Joinder (FRCP 19), (Mar. 1, 1976), at 1.

18. Defendant's Memorandum, *supra* note 13, at 10.

19. *Id.*