

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# Keys v. Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1683

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Keys v. Dept of Justice" (2008). *2008 Decisions.* Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-1683 & 07-4573
_____

DARREN KEYS,
                    Appellant

v.

DEPARTMENT OF JUSTICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 06-cv-2837
(Honorable Robert F. Kelly)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

(Filed:  August 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Darren Keys, a federal prisoner proceeding pro se, appeals from the District

Court's order dismissing his petition for a writ of mandamus on the basis of improper

venue.  We will vacate and remand for further proceedings.

At all relevant times, Keys was imprisoned in a federal facility located within the Middle District of Pennsylvania. In June 2006, he filed what he captioned as a petition for a writ of mandamus under 28 U.S.C. § 1361 in the United States District Court for the Eastern District of Pennsylvania. Keys alleges that Department of Justice ("DOJ") personnel, in retaliation for prior litigation, falsely charged him with attempting to escape from prison. He sought a writ of mandamus compelling DOJ personnel to afford him due process during the disciplinary proceeding. He then filed three other documents seeking various related relief. In the last of these, he alleged that disciplinary proceedings already had been resolved against him, that DOJ personnel had denied him due process in several respects, and that his good-time credits should be restored and his disciplinary charge expunged. Taken together, Keys's filings may liberally be construed to request relief in the nature of habeas corpus relief or relief potentially available under Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The DOJ moved to dismiss the petition, arguing, inter alia, that venue in the Eastern District of Pennsylvania was improper under 28 U.S.C. § 1391(e). Under that section, venue in civil actions against the United States and its employees lies, inter alia, in any judicial district where the plaintiff resides. The DOJ argued that Keys should be deemed to reside in Baltimore, Maryland, where he resided before his incarceration. The DOJ attached a declaration by a DOJ employee listing Baltimore as Keys's legal

residence and release destination. In response, Keys filed a document entitled "Conditional Acceptance and Demand: 'Proof of Claim.'" In that document, he demanded "proof of claim" that he had not been married to a Philadelphia resident on April 4, 2004, and had not established residence in Philadelphia, before his current incarceration.

By order entered January 17, 2007, the District Court dismissed the action for improper venue. The court stated that Keys resides in Baltimore but did not acknowledge his apparent contention that he resides in Philadelphia. Keys timely moved for reconsideration, specifically asserting that his residence is on the 6200 block of Callowhill Street in Philadelphia, and that a probation officer Scott Smith had approved his request to move there from Baltimore following release from a previous term of imprisonment. Keys also argued that the District Court should have transferred the action under 28 U.S.C. § 1406(a) instead of dismissing it. By order entered February 14, 2007, the District Court denied the motion. The District Court once again did not address Keys's assertions regarding his residence in Philadelphia, and with respect to his transfer request stated merely that "[a]fter considering the contents of the Petition it was my determination that it would not be in the interest of justice to transfer this case to another district." Keys filed a notice of appeal, which was docketed as C.A. No. 07-1683.

Keys also filed a second motion for reconsideration, attaching Court of Appeals correspondence addressed to him at 6225 Callowhill Street in Philadelphia and a copy of

the deed conveying the property to his wife. By order entered March 13, 2007, the District Court summarily denied the motion as "frivolous." Keys then filed a third motion for reconsideration, this time attaching a March 7, 2007 Bureau of Prisons report listing his residence as 6225 Callowhill Street and arguing that the Bureau had "corrected the error" in its records. By order entered November 20, 2007, the District Court summarily denied that motion as well. C.A. No. 07-4573 is Keys's appeal from that order. By order issued February 13, 2008, we consolidated Keys's two appeals for all purposes.[1]

## II.

On appeal, the DOJ (almost but not quite conceding the issue of venue) joins with Keys in requesting that we vacate the denial of his petition and remand for further proceedings. We will do so because we believe that the District Court erred in dismissing

---

[1] We will construe Keys's first motion for reconsideration as one under Fed. R. Civ. P. 59(e) and his third and final motion for reconsideration as one under Fed. R. Civ. P. 60(b). Thus, the orders under review are (1) the January 17 order denying his petition, brought up for review by Keys's appeal from (2) the February 14 order denying his Rule 59(e) motion, and (3) the November 20 order denying his Rule 60(b) motion. Keys previously filed in C.A. No. 07-1683 a "motion for clarification and/or stay and/or limited remand," seeking in part a determination of whether this Court retained jurisdiction over that appeal in light of his final motion for reconsideration. That aspect of the motion was referred to us by a motions panel pursuant to 3rd Cir. IOP 10.3.5, and we now deny it as unnecessary in light of the District Court's denial of Keys's final motion. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's conclusions of law and review its factual conclusions for clear error. See Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 56 (3d Cir. 1986). We review the denial of Keys's motions for reconsideration for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

this action on the basis of improper venue without specifically resolving the issue of whether Keys resided in Philadelphia prior to his incarceration.

Under 28 U.S.C. § 1391(e)(3), venue in the Eastern District of Pennsylvania was proper if Keys resided in Philadelphia at the time he filed the action. At that time, Keys was imprisoned within the Middle District of Pennsylvania. Prisoners, however, generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration. See Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1971); 14D Charles A. Wright, Arthur R. Miller, Mary K. Kane, Federal Practice and Procedure § 3805 (3d ed. 2001). Keys's response to the DOJ's motion to dismiss, inartful though it was, should have put the District Court on notice that Keys's pre-incarceration residence in Philadelphia was a contested factual issue.

The District Court, however, never addressed that issue. Nor did the District Court address any of the supporting evidence that Keys produced with his motions for reconsideration. As the DOJ now concedes, that evidence appears potentially sufficient to show that Keys resided in Philadelphia at the relevant time. Thus, we conclude that the District Court erred in dismissing this action for improper venue and abused its discretion in refusing to reconsider that ruling. Accordingly, we will vacate the January 17, 2007, February 14, 2007, and November 20, 2007 orders under review and remand.

The DOJ requests that we direct the District Court on remand to transfer this action to the Middle District of Pennsylvania. The DOJ argues that, whether venue is proper in

5

the Eastern District of Pennsylvania or not, such a transfer would be "in the interest of justice" because it would obviate the need for further litigation on the issue of venue, the relevant events occurred in the Middle District, and the necessary witnesses are likely to be found there. See 28 U.S.C. §§ 1404(a), 1406(a). We agree. Accordingly, the District Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania, which in turn is directed to consider the non-venue arguments raised in the DOJ's motion to dismiss and thereafter to conduct such further proceedings as may be necessary.