Otis Elmer BRIMER,
Petitioner-Appellant,

v.

Edward LEVI, Attorney General of the
United States, et al.,
Respondents-Appellees.

No. 76–2118.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1977.

Decided May 19, 1977.

David R. Freeman, Federal Public Defender, Kansas City, Mo., for petitioner-appellant; Raymond C. Conrad, Jr., Asst. Federal Defender, Springfield, Mo., co-counsel on brief.

Otis Elmer Brimer, pro se.

Bert C. Hurn, U.S. Atty. and Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., on brief and supplemental brief for appellees; Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., appeared.

Before GIBSON, Chief Judge, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Petitioner-appellant Brimer, while incarcerated as a federal prisoner in Leavenworth, Kansas, filed a petition in the United States District Court for the District of Columbia seeking expunction of certain entries made on records maintained by the FBI in Washington, D. C. Brimer was subsequently moved to the United States Medical Center for Federal Prisoners at Springfield, Missouri. The United States District Court for the District of Columbia then transferred petitioner's cause to the United States District Court for the Western District of Missouri. The record before us is silent as to the reasons or authority for this transfer.

Brimer's pro se petition sought relief in the nature of a writ of error coram nobis and requested the expunction and correction of allegedly illegal and erroneous entries on his FBI rap sheet. Brimer alleged that his attempts to have these records corrected by responsible local authorities had failed. Because the relief sought by Brimer could not be properly granted by a writ of error coram nobis, the District Court for the Western District of Missouri construed Brimer's petition to be one seeking a writ of mandamus under 28 U.S.C. § 1361 (1970) and noted that if petitioner's allegations could be substantiated, he might be entitled to relief pursuant to *Menard v. Saxbe*, 162 U.S.App.D.C. 284, 498 F.2d 1017 (1974). The District Court held, however, that venue was not proper in the Western District of Missouri and, accordingly, dismissed the petition pursuant to 28 U.S.C. § 1406(a) (1970) without prejudice to Brimer's right to refile his suit in a proper court.

█ We agree with the District Court that venue does not lie in the Western District of Missouri. The statute controlling venue provides:

A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity * * * may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the

cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e) (1970).

Clearly, the first three subdivisions of § 1391(e) have no bearing on the present case. Thus, the only possible basis for venue in the Western District of Missouri would depend upon petitioner's residence in Missouri. Petitioner does not allege that he is a resident of Missouri or that he is domiciled in Missouri. A review of the record reveals no ground for believing that Brimer's presence in Missouri is anything other than involuntary and temporary. We conclude that Brimer is not a resident of Missouri and that venue, accordingly, is not proper in the Western District of Missouri. Obviously, this action could not have properly been brought in the Western District of Missouri.

 When venue has been improperly laid in a district court, that court has two alternative means of disposing of the cause so filed. It is empowered to dismiss the cause or, if it be in the interest of justice, to transfer the cause to any district in which it could have been brought. 28 U.S.C. § 1406(a). The District Court here chose to dismiss Brimer's petition. Under the somewhat unusual circumstances of this case, which suggest the possibility of a nascent Catch 22 situation, we deem this disposition inappropriate. We believe that the administration of justice would be better served by a transfer to the District Court for the District of Columbia, which we consider not only a district in which this action might have been brought, but also a more convenient forum therefor.

Remanded to the United States District Court for the Western District of Missouri for proceedings consistent with this opinion.