**Tomasa Mackay LOPEZ, as Next of Kin of Fernando Zapata, Deceased and Individually, Plaintiffs,**

v.

**UNITED STATES GOVERNMENT, The Federal Bureau of Prisons, and Allenwood Federal Correctional Institution and Medical Staff, Defendants.**

**No. 1:97CV01178.**

United States District Court, M.D. North Carolina.

Oct. 21, 1999.

Theophilus O. Stokes, III, Greensboro, NC, for plaintiffs.

U.S. Attorney, Greensboro, NC, for defendants.

## MEMORANDUM OPINION

TILLEY, District Judge.

Plaintiff Tomasa Mackay Lopez filed this action on her own behalf and as next of kin of Fernando Zapata (who is deceased) against Defendants United States Government, Federal Bureau of Prisons, and Allenwood Federal Correctional Institution ("FCI–Allenwood") and Medical Staff. The Complaint is brought under the Federal Tort Claims Act ("FTCA") and alleges wrongful death and negligent infliction of emotional distress. (Compl. [Doc. # 1] at 1, 4–5.) The Defendants move to dismiss the Complaint under Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction as to Federal Bureau of Prisons and FCI–Allenwood and Medical Staff, move to dismiss under Fed.R.Civ.P. 12(b)(3) for improper venue, and move to dismiss the individual claim for negligent infliction of emotional distress because of failure to exhaust administrative remedies as required by 28 U.S.C. §§ 2675, 1346(b). (Mot. Dismiss [Doc. # 5]; Brief Supp. Defs.' Mot. Dismiss [Doc. # 6] at 2.) For the reasons stated below, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Defendants Federal Bureau of Prisons and FCI–Allenwood and Medical Staff will be GRANTED. As to the remaining Defendant United States Government, in the interests of justice, the case will be TRANSFERRED to the Middle District of Pennsylvania, where venue is proper. Since this case is being transferred to the Middle District of Pennsylvania, Defendants' Motion to dismiss the negligent infliction of emotional distress claim will not be ruled upon by this Court.

## I.

As alleged by the Plaintiff, the facts of this case are as follows. In 1990, Fernando Zapata began serving a term in federal prison. (Compl.¶ 6.) In 1993, Mr. Zapata became an inmate at FCI–Allenwood in White Deer, Pennsylvania. (*Id.* ¶ 8.) On October 7, 1994, Mr. Zapata was informed that he tested positive for purified protein derivative ("PPD") and was given medication for that diagnosis. (*Id.*) Mr. Zapata told the FCI–Allenwood Medical Staff that the medicine was making him sick, but the medical staff continued to give him the medicine. (*Id.*)

During late October and early November, Mr. Zapata's health deteriorated. (*Id.* ¶¶ 9–10.) He experienced difficulty in eating, talking, and performing regular bodily functions. (*Id.* ¶¶ 9–11.) At various times, the medical staff diagnosed Mr. Zapata as psychotic and/or paranoid. (*Id.* ¶¶ 9–10.)

On November 1 and 2, 1994, recommendations were made that Mr. Zapata be transferred. (*Id.*) On November 4, 1994, Mr. Zapata was transferred by air to the Federal Correctional Institution in Butner, North Carolina. (*Id.* ¶ 11.) After arriving in Butner, Mr. Zapata was transported to Durham Regional Hospital, where he was pronounced dead. (*Id.* ¶ 11.)

On November 3, 1996, Fernando Zapata "by his mother Tomasa Mackay Lopez" filed an FTCA administrative claim asserting wrongful death. (Brief Supp. Defs.' Mot. Dismiss Ex. A, Johnson Decl., Attach. 1.) The Defendants allege that the Plaintiff did not file an administrative claim in her individual capacity alleging any direct harm to her and in particular did not assert a negligent infliction of emotional distress claim. (*Id.* at 5.)

## II.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Mey-*

er, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *Id.* Because sovereign immunity is jurisdictional, the terms of the waiver define the court's ability to hear the suit. *See id.* Under 28 U.S.C. § 2679, the remedies provided by the FTCA against the United States are exclusive, and suits may not, therefore, be brought against federal agencies or employees of the federal government. *See* 28 U.S.C. § 2679(a), (b)(1) (1994).

Because Plaintiff's claims are brought under FTCA, Plaintiff's claims may be brought against the United States, but may not be brought against Federal Bureau of Prisons or FCI–Allenwood and Medical Staff.

### III.

When a claim is filed against the United States Government under the FTCA, venue is governed by 28 U.S.C. § 1402(b), which provides that claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (1993).

Plaintiff, Ms. Lopez, resides in Brooklyn, New York. (Compl.¶ 3.) Thus, as for her individual claims, venue in the Middle District of North Carolina is not supported by the Plaintiff's residence. Further, the government argues that if Ms. Lopez has the authority to bring this suit, then she "is acting as the functional equivalent of the decedent's personal administratrix for purposes of bringing this [wrongful death] lawsuit." (Brief Supp. Defs.' Mot. Dismiss at 10.) Where claims are brought on behalf of a Decedents' estate, " '[w]here the plaintiff resides' is determined by the residence of the administrator for purposes of venue under the FTCA." *Andrade v. Chojnacki,* 934 F.Supp. 817, 829 n. 23 (S.D.Tex.1996). Thus, assuming without deciding that Ms.

Lopez is the functional equivalent of the decedent's administratrix, venue in the Middle District of North Carolina is likewise not supported for the wrongful death claim.

Venue is proper in the district "wherein the act or omission complained of occurred." *See* 28 U.S.C. § 1402(b). In interpreting this language, one court has held that "venue in FTCA actions (at least when based solely on this ground) is proper in only one district." *Andrade,* 934 F.Supp. at 829 n. 24. In *Andrade,* the district court concluded that venue was proper "where the acts and omissions complained of by Plaintiffs took place." *Id. See also Richards v. United States,* 369 U.S. 1, 9–10, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) (construing the choice of law provision of the FTCA—the "law of the place where the act or omission occurred"—to mean the law of the state "where the acts of negligence took place" rather than the state "where the negligence had its operative effect."); *Reuber v. United States,* 750 F.2d 1039, 1047–48 & n. 9 (D.C.Cir.1984) (construing the Supreme Court's rationale in *Richards* to apply to the venue prevision of the FTCA).

In the present case, Mr. Zapata became ill at FCI–Allenwood. The majority of Mr. Zapata's medical treatment was conducted at FCI–Allenwood. Further, the claims of medical malpractice are against the medical staff at FCI–Allenwood and not against any personnel at FCI–Butner or Durham Regional Hospital. Under the test adopted by the *Andrade* Court, the "acts and omissions" of which the Plaintiff complains took place at FCI–Allenwood, because that is where the alleged negligence occurred.

Under 28 U.S.C. § 1402(b), because the plaintiff does not reside in North Carolina, and because the alleged negligence did not occur in North Carolina, venue is not proper in this district. When venue is not proper, a court may dismiss the action under Fed.R.Civ.Proc. 12(b)(3).

Alternatively, "in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(b). Because any subsequent action would likely be barred by a Statute of Limitations if this action were dismissed, the interest of justice requires that this action be transferred. Because no venue has been suggested by the parties, this Court will determine where to transfer the action.

Venue is proper in the Middle District of Pennsylvania, because that is where the alleged negligence occurred. Under the FTCA, the law of the state "where the act or omission occurred" applies. *See* 28 U.S.C. § 1346(b)(1). As the Supreme Court has stated, this is the law of the "place where the acts of negligence took place" rather than the "place where the negligence had its operative effect." *Richards,* 369 U.S. at 9–10, 82 S.Ct. 585. Thus, Pennsylvania law likely applies. Because Pennsylvania law applies, most of the witnesses are likely in Pennsylvania, and the Plaintiff has not expressed a preference for an alternative forum, venue in the Middle District of Pennsylvania is appropriate.

### IV.

For the reasons stated in the Memorandum Opinion filed contemporaneously with this Order, Defendants' Motion to Dismiss [Doc. # 5] under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction as to Federal Bureau of Prisons and Allenwood Federal Correctional Institution and Medical Staff is GRANTED. As to the remaining Defendant, in the interests of justice, the case will be TRANSFERRED to the Middle District of Pennsylvania, where venue is proper. As this case is being transferred to the Middle District of Pennsylvania, Defendants' Motion to Dismiss [Doc. # 5] the negligent infliction of emotional distress claim because of failure to exhaust administrative remedies, as required by 28 U.S.C. §§ 2675, 1346(b), will not be ruled upon by this Court.

### ORDER

For the reasons stated, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Defendants Federal Bureau of Prisons and FCI–Allenwood and Medical Staff is GRANTED. As to the remaining Defendant, in the interests of justice, the case will be TRANSFERRED to the Middle District of Pennsylvania, where venue is proper. As this case is being transferred to Pennsylvania, Defendants' Motion to dismiss the negligent infliction of emotional distress claim will not be ruled upon by this Court.