**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51196
Summary Calendar

PETER V. SMILDE,

Plaintiff-Appellant,

versus

JOHN SNOW, SECRETARY, DEPARTMENT OF TREASURY; ET AL.,

Defendants,

JOHN SNOW, SECRETARY, DEPARTMENT OF TREASURY; CHARLES O.
ROSSOTTI, Commissioner, United States Internal Revenue Service;
CHARLES A. WILSON, Financial Management Service, Department of
the Treasury; ANTHONY J. PRINCIPI, SECRETARY, DEPARTMENT OF
VETERAN'S AFFAIRS; TRANS UNION INC.; UNITED STATES OF AMERICA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-889-SS
--------------------

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Peter V. Smilde ("Smilde") appeals the district court's

dismissal of his civil action. Smilde argues that the district

court abused its discretion by denying his motion for change of

venue, abused its discretion by dismissing his case with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prejudice, erred by dismissing some of his claims upon initial review, and conspired with defense counsel to violate his rights. Smilde has additionally moved this court for a change of venue and to vacate all orders entered by the district court after May 13, 2002.

Smilde has not shown that the district court abused its discretion by denying his 28 U.S.C. § 1404(a) motion for change of venue.  While the district court did not articulate the reasons why it denied the motion, this is not grounds for reversal.  See Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989).  Smilde did not show that transferring the case would be more convenient for any party or witness except himself. Considering that Smilde waited almost four months after the onset of his alleged illness and his move to Montana to file the motion, the district court did not abuse its discretion by denying the motion for change of venue.  See id.

Smilde has additionally failed to show that the district court abused its discretion by dismissing his case with prejudice for failing to prosecute, failing to follow the Federal Rules of Civil Procedure, and failing to obey court orders.  The record shows that Smilde never served the defendants with his initial disclosures, as required by FED. R. CIV. P. 26(a), despite being ordered to serve them.  Smilde further refused to participate in the FED. R. CIV. P. 26(f) conference and refused certified mail sent to him by defense counsel.  Smilde never filed his lists of

potential witnesses, testifying experts, and proposed exhibits despite being ordered to file them twice.  Finally, Smilde failed to appear at his deposition or respond to discovery requests despite being explicitly ordered to do so.  Smilde's alleged illness does not excuse his conduct as the record shows that Smilde never informed the district court of his alleged inability to attend proceedings or follow the district court's orders.  Smilde's alleged failure to receive the district court's August 15, 2002, order does not excuse his conduct as there is no indication in the record that Smilde made any effort to check on the progress of his case.  See Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987); cf. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993) ("[P]arties have a duty to inquire periodically into the status of their litigation.").

Smilde's history of delay and refusal to follow court orders sufficiently shows contumacious conduct on his part.  See Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519-21 (5th Cir. 1985).  As the district court explicitly warned Smilde that he was facing dismissal unless he obeyed court orders, a lesser sanction had been imposed.  See id. at 1521.  As Smilde was proceeding pro se, he was personally responsible for the delay and the contumacious conduct.  Given Smilde's personal responsibility for delay and contumacious conduct and the previous imposition of lesser sanctions, the district court's dismissal of his case with prejudice was not an abuse of

discretion.  See Price v. McGlathery, 792 F.2d 472, 475 (5th Cir. 1986).

Smilde has not shown that the district court erred by dismissing some of his claims upon initial review.  The district court was specifically authorized to screen Smilde's complaint by 28 U.S.C. § 1915(e)(2).  Smilde's complaint failed to state a claim upon which relief may be granted regarding his claims concerning his 1998 taxes and his request for injunctive relief against the IRS.  Smilde did not state a viable claim under 26 U.S.C. § 6402(f) regarding the $317.73 seized from his 1999 refund to satisfy his 1998 tax liability because the seizure was made pursuant to 26 U.S.C. § 6402(a) and 26 U.S.C. § 6402(f), by its terms, only concerns seizures made pursuant to 26 U.S.C. §§ 6402(c), (d), and (e).  Smilde failed to state a viable claim regarding his 1998 taxes under 26 U.S.C. § 7422 because he did not allege that he filed an administrative claim for a refund that was made under penalty of perjury.  See 26 U.S.C. § 7422(a); 26 C.F.R. § 301-6402-2; see also United States v. Rochelle, 363 F.2d 225, 231 (5th Cir. 1966).  Smilde did not state a viable claim under 26 U.S.C. § 7433 because he did not allege that he exhausted his administrative remedies regarding his claims for damages.  See 26 U.S.C. § 7433(d)(1).  Smilde did not state a viable claim for injunctive relief because injunctive relief against the IRS is generally forbidden and Smilde did not allege or show that there were clearly no circumstances under which the

Government might prevail.  See 26 U.S.C. § 7421(a); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Although the district court dismissed these claims on another ground, this court may nevertheless affirm.  See Cardoso v. Reno, 216 F.3d 512, 515 (5th Cir. 2000).

We do not consider Smilde's argument that the district court conspired with defense counsel because it is raised for the first time in his reply brief.  See Knighten v. Commissioner, 702 F.2d 59, 60 & n.1 (5th Cir. 1983).

Smilde's motion in this court for a change of venue pursuant to 28 U.S.C. § 1406(a) and to vacate all orders entered after May 13, 2002, is without merit.  By filing suit in the Western District of Texas, Smilde voluntarily submitted himself to the jurisdiction of that court and consented to that venue.  See Adam v. Saenger, 303 U.S. 59, 67-68 (1938); Olberding v. Illinois Cent. R. Co., 346 U.S. 338, 340 (1953).  Personal jurisdiction and venue are determined at the outset of litigation and are not affected by subsequent events.  Michigan Trust Co. v. Ferry, 228 U.S. 346, 353 (1913); Exxon Corp. v. FTC, 588 F.2d 895, 899 (3d Cir. 1978).  Accordingly, transferring Smilde's case under 28 U.S.C. § 1406(a) would be improper.  See Liaw Su Teng v. Shaarup Shipping Corp., 743 F.2d 1140, 1147 (5th Cir. 1984).

AFFIRMED; MOTION FOR CHANGE OF VENUE AND TO VACATE ORDERS ENTERED AFTER MAY 13, 2002 DENIED.