# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 20-30132

Arthur Flemming Moler,

*Plaintiff—Appellant*,

*versus*

Officer Wells; Ian Connors, Counsel; United States of America,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-cv-982

Before Dennis, Higginson, and Costa, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Arthur Fleming Moler appeals the district court's dismissal of his Federal Tort Claims Act (FTCA) suit. Because the Western District of Louisiana may be an improper venue for Moler's FTCA claim, and because venue may be a jurisdictional issue in FTCA cases, we VACATE the district court's order dismissing Moler's FTCA claim and REMAND the case for determination of whether venue is proper. Additionally, we AFFIRM the district court's implicit denial of Moler's implicit motion to amend his complaint to include a *Bivens* claim.

No. 20-30132

## I.

While in the custody of the Bureau of Prisons (BOP), Moler filed a pro se lawsuit in the Western District of Louisiana against a federal correctional officer named Wells and a BOP lawyer named Ian Connors. Moler alleged that he was denied proper medical treatment after his shoulder was injured while Officer Wells was escorting him to the shower, and he sought relief under the FTCA. The magistrate judge granted Moler's request to proceed in forma pauperis and ordered Moler to file an amended complaint that, in compliance with the pleading requirements of Federal Rule of Civil Procedure 8, (1) named the United States as the defendant for his FTCA claim; (2) provided evidence that he had exhausted his administrative remedies; and (3) included sufficient details about what medical treatment he believed he was denied, the dates he requested medical care, the identity of the persons from whom he requested medical care, and the responses to those requests. Moler then filed an amended complaint, along with supporting exhibits. The amended complaint named the United States as the first defendant and removed any reference to Connors.

The magistrate judge determined that Moler's amended complaint failed to provide sufficient details regarding Moler's medical treatment claim. Accordingly, the magistrate judge recommended dismissing Moler's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Moler filed written objections to the magistrate judge's report and recommendation. After conducting an independent review of the record and considering Moler's objections, the district court accepted the magistrate judge's findings as correct and dismissed Moler's complaint with prejudice. Moler filed a timely notice of appeal.

No. 20-30132

## II.

We first address the issue of venue. Claims brought under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Moler's complaint and the exhibits attached to it[1] allege that Moler was inappropriately denied medical care after injuring his arm while incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (FCI-O). However, because Moler thought his injury "was just something pulled and not something more serious," he "did not see Medical" while at FCI-O.[2] And though Moler later mentioned his arm pain to the intake nurse at the Oklahoma City Transit Center, he did not "particularly expect anything to be done at that time." Rather, it was not until Moler was transferred to the Federal Correctional Institute in Forrest City, Arkansas (FCI-FC) that he allegedly sought but did not receive adequate medical care.[3] Thus, the omissions that Moler complains of took place exclusively in Forrest City, which is in the Eastern District of Arkansas.[4] For this reason, venue is not

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c).

[2] After his injury, Moler "did notify Medical Department at [FCI-O] without response," but he makes it clear that at the time, "[w]hile I felt pain in my left arm, I thought it was minor."

[3] Specifically, Moler alleges: (1) that after arriving at FCI-FC in late September 2018, he notified staff that he had pain in his arm; (2) that he received an X-ray on October 30, 2018; (3) that on November 23, 2018 and December 1, 2018, he sent electronic staff requests to Health Services at FCI-FC regarding his continued arm pain, which were ignored; (4) that he was told to get ibuprofen and naproxen from the commissary on December 18, 2018; (5) that he received an MRI on May 30, 2019, which found that he "could [have] a long segment partial tear of the [supraspinatus] tendon"; and (6) that as of July 20, 2019, he had not received surgery and was still in pain.

[4] Indeed, Moler states in his complaint that the care he received "does not meet the minimal standard of care in Arkansas," showing that he views Arkansas as the place where the omissions he complains of occurred.

proper in the Western District of Louisiana under the second prong of the FTCA venue statute. *See* 28 U.S.C. § 1402(b).[5]

Venue is also proper "in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(b). In his complaint, Moler states that he resides in Forrest City, Arkansas, at FCI-FC. However, for purposes of venue, "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972) (quoting *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962)). Rather, an incarcerated person resides in the district where he was legally domiciled before his incarceration. *Id.*[6] The record does not reflect where Moler lived

---

[5] Courts have interpreted the second prong of § 1402(b) to mean that a complained of act or omission can give rise to proper venue in only one judicial district. *See Reuber v. United States*, 750 F.2d 1039, 1048-49 (D.C. Cir. 1984) ("Congress has specified the district in which the act occurred as the 'only' district, other than that where the plaintiff resides, where a claim may be brought and thereby created a strong negative presumption against courts finding discretionary pendent venue elsewhere." (citation omitted)), *abrogated on other grounds by Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994); *Andrade v. Chojnacki*, 934 F. Supp. 817, 829 n.24 (S.D. Tex. 1996) (concluding that "the operative language in Section 1402(b), 'wherein the act or omission complained of occurred,' suggests that . . . venue in FTCA actions (at least when based solely on this ground) is proper in only one district" and that when the acts or omissions complained of occurred in multiple districts, a "preponderance of the contacts test" should determine where venue is proper); *Lopez v. U.S. Gov't*, 68 F. Supp. 2d 688, 691 (M.D.N.C. 1999) (adopting *Andrade*'s interpretation of § 1402(b)). Because the omissions Moler complains of occurred exclusively in Forrest City, Arkansas, we do not need to address whether venue could be proper in more than one district under the second prong of § 1402(b).

[6] *See also Urb. Indus., Inc. of Kentucky v. Thevis*, 670 F.2d 981, 983, 986 (11th Cir. 1982) (holding that a person who had lived in Georgia before his incarceration in Indiana "retained his Georgia residence" while incarcerated); *Brimer v. Levi*, 555 F.2d 656, 658 (8th Cir. 1977) (explaining that a prisoner does not reside at his place of incarceration because his presence in that district is "involuntary and temporary"). *But see In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (acknowledging that "[t]here is considerable support for the notion that one does not change his residence to the prison by virtue of being incarcerated there" but holding that, under circuit precedent, "a prisoner has his residence at his place of confinement").

prior to his incarceration. If Moler resided in the Western District of Louisiana before his incarceration, venue would be proper in that district.[7]

"Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Venue may be a jurisdictional issue in FTCA cases. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Based on this language, the D.C. Circuit has suggested that "it is unclear whether a district court even has jurisdiction to hear an FTCA claim anywhere but in the district specified by 28 U.S.C. § 1402(b)." *Reuber v. United States*, 750 F.2d 1039, 1049 n.11 (D.C. Cir. 1984), *abrogated on other grounds by Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994). On the other hand, the Eighth Circuit has held that § 1402(b) is not "a jurisdictional statute." *Upchurch v. Piper Aircraft Corp.*, 736 F.2d 439, 440 (8th Cir. 1984).

Because venue may be a jurisdictional issue in this FTCA case, and because the record does not contain enough information to determine

---

[7] The record suggests that Moler, who was released from prison during the pendency of this appeal, now resides in Sterrett, Alabama. However, "venue [is] determined at the outset of litigation and [is] not affected by subsequent events." *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (unpublished); *see also Exxon Corp. v. FTC*, 588 F.2d 895, 899 (3d Cir. 1978) (holding that "venue is determined at the outset of the litigation"); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992) (explaining that, when determining whether diversity jurisdiction exists, the court looks to "the citizenship of the parties at the time suit was filed"). Accordingly, venue would be proper in the district where Moler was legally domiciled at the time that he filed his complaint, not necessarily in the district where Moler is currently domiciled.

No. 20-30132

whether venue is proper in the Western District of Louisiana, we do not address the merits of Moler's appeal. Instead, we VACATE the district court's order dismissing Moler's FTCA claim and REMAND the case to the district court for a determination of whether venue is proper and for further proceedings not inconsistent with this opinion. *See Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) ("Where, as here, jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented."); *Ellingburg*, 457 F.2d at 242 ("This record is silent as to Ellingburg's domicile/residence. Accordingly, we remand the case to the district court for it to determine Ellingburg's 'residence.'").[8]

### III.

Moler also argues that the district court erred by not construing his complaint as alleging a *Bivens* claim against Officer Wells, in addition to an FTCA claim. A *Bivens* claim is a lawsuit in which a person who alleges that a

---

[8] If venue is proper, the district court should re-evaluate Moler's FTCA claim under Arkansas law. *See* 28 U.S.C. § 1346(b)(1) (providing that courts must analyze FTCA claims "in accordance with the law of the place where the act or omission occurred"). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over a case, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed"). We note that because Moler's FTCA claim appears non-frivolous, *see supra* note 4, and because the statute of limitations would prevent him from refiling the claim in another court if this case were dismissed, *see* 28 U.S.C. § 2401(b), it likely would be in the interest of justice to transfer this case if the district court concludes that venue is not proper. We further note that while the United States has not been served and thus has not had an opportunity to move for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or improper venue under Rule 12(b)(3), "a district court may transfer a case upon a motion or sua sponte." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

No. 20-30132

federal actor has violated his constitutional rights seeks to recover damages in federal court. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998). Because venue is not a jurisdictional issue in *Bivens* claims,[9] we assume that the Western District of Louisiana would be a proper venue for this claim and instead address the merits of the issue.

Moler titled his complaint "FTCA - Federal Tort Claim," and nothing in the complaint indicates that he intended also to raise a *Bivens* claim. However, he did argue in his objections to the magistrate judge's report and recommendation that his complaint states a *Bivens* claim directly against Officer Wells. "The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). The district court noted that Moler objected to the magistrate judge's report, but it did not state whether it construed his objections as a motion to amend his complaint. Construing Moler's objections as a motion to amend his complaint,[10] we review the district court's implicit denial of that motion "for abuse of discretion." *Riascos*, 76 F.3d at 94. The permissible bases for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Wright v. Allstate Ins. Co.*, 415

---

[9] Venue is not a potential jurisdictional issue for *Bivens* claims because, unlike FTCA suits, *Bivens* claims do not rely on a waiver of sovereign immunity.

[10] We generally "construe pro se filings liberally." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

F.3d 384, 391 (5th Cir. 2005) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, granting Moler's implicit motion to amend his complaint would have been futile. Moler stated in his objections that Officer Wells showed "deliberate indifference to Moler's medical needs." Indeed, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, "[d]eliberate indifference 'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)). A prison official shows deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Moler has not alleged that Officer Wells was aware of facts from which he could infer that a substantial risk of harm to Moler existed, let alone that Wells drew such an inference. Rather, his complaint states that while Wells was "of course aware" of his injury, "we thought it was just something pulled and not something more serious." Moler's complaint also states that at the time his injury occurred, "I felt pain in my left arm," but "I thought it was minor." Thus, under the facts pled in Moler's complaint, Wells did not have the requisite knowledge to establish deliberate indifference. Because Moler could not have stated a *Bivens* claim against Wells, we AFFIRM the district court's implicit denial of Moler's implicit motion to amend his complaint. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (explaining that even "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief").

No. 20-30132

## IV.

In conclusion, we VACATE the district court's order dismissing Moler's FTCA claim, we AFFIRM the district court's implicit denial of Moler's implicit motion to amend his complaint to include a *Bivens* claim, and we REMAND the case to the district court for further proceedings not inconsistent with this opinion.