# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

_____

No. 23-30143
Summary Calendar

_____

Albert E. Banks, Jr.,

*Plaintiff—Appellant*,

*versus*

Joshua Craddock; Deputy Hicks; Sheriff's Office
Cameron Parish,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-5707

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Albert E. Banks, Jr., former pretrial detainee # 233288 at the Jefferson County Correctional Facility, filed a pro se and in forma pauperis 42 U.S.C. § 1983 suit. His claims stemmed from a traffic stop that took place in March 2021 in Cameron, Louisiana. He asserted that the arresting and investigating officers committed various constitutional violations and that he therefore was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

entitled to, inter alia, money damages and declaratory and injunctive relief. The district court determined that the suit was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), decided that Banks had failed to state a claim upon which relief may be granted, and ordered the dismissal of the suit without prejudice. We review a dismissal for failure to state a claim de novo and apply the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Banks contends that the district court erred in concluding that his suit was barred by *Heck*. He asserts that the district court failed to consider and credit his contention—which he presented in his objections to the magistrate judge's report—that the criminal charges arising from the traffic stop were dismissed prior to trial because of insufficient evidence.

A district court may construe an issue raised initially in objections to the magistrate judge's report as a motion to amend a complaint. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). The record does not establish that the district court allowed an amendment and instead reflects that the district court implicitly denied any request to amend the suit to include the allegation as to the dismissed charges. *See Moler v. Wells*, 18 F.4th 162, 167-68 (5th Cir. 2021). We review the denial of a motion to amend for an abuse of discretion. *Id.* at 168.

In his objections, Banks contended specifically that the charges arising from the traffic stop were dismissed due to lack of evidence. If we accept that allegation as true, as we must, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), no criminal liability was imposed as a result of the traffic stop. There thus would be no conviction or sentence that could be invalidated by the instant suit. The *Heck* bar would not apply, *see Heck*, 512 U.S. at 487, and dismissal of the suit based on *Heck* would be in error.

No. 23-30143

Thus, the claim raised in the objections would have been sufficient to prevent dismissal of the action based on *Heck*. Because the added allegation would defeat the basis for the dismissal of the action, the district court abused its discretion in not giving Banks the chance to amend his suit and by failing to consider the allegation in ruling on his objections. *See Moler*, 18 F.4th at 167-68; *Riascos*, 76 F.3d at 94-95.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings.