# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

No. 25-20290
Summary Calendar

_____

Joseph Marks, *Individually* and *doing business as* Transnational Express, L.L.C., *doing business as* TransNatEx, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Clinichek Corp., *doing business as* Doctors Review Services,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1248

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Joseph Marks appeals the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of his complaint seeking injunctive and declaratory relief. The complaint arose after Clinichek, doing business as Doctors Review Service (DRS), reported a positive marijuana test to the clearinghouse of the Federal Motor Carrier Safety Administration. Marks

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues that the district court erred in granting DRS's motion to dismiss because its actions exceeded its authority under federal regulations and violated the Administrative Procedures Act (APA). Marks further argues that the district court erred in dismissing his complaint without addressing his ultra vires claim.

We review a dismissal under Rule 12(b)(6) for failure to state a claim de novo. *Dorsey v. Portfolio Equities*, *Inc.*, 54. F.3d 333, 338 (5th Cir. 2008). Under the APA, an action "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. We have held that the APA applies only to federal agencies. *See Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*, 980 F.2d 1043, 1055 (5th Cir. 1993). Accordingly, because DRS is a private entity and not a federal agency, as Marks acknowledges, the APA is inapplicable as a matter of law. *See Resident Council,* 980 F.2d at 1055. Likewise, to the extent that Marks's ultra vires claim survived the APA, which it likely does not do, *see Nuclear Reg. Comm'n v. Tex.*, 605 U.S. 665, 681 (2025), it would similarly fail. Thus, even if Marks's objection raising the ultra vires claim constituted a request to amend his complaint, the district court's implicit denial of that request was not an abuse of discretion. *See Moler v. Wells*, 18 F. 4th 162, 167 (5th Cir. 2021).

Marks has additionally filed an opposed motion to certify to the United States Supreme Court the question, "Whether a private actor operating under delegated federal authority and performing a mandatory regulatory function that imposes binding legal consequences under federal law is subject to judicial review under the [APA]." His conclusional assertion that the question is unresolved does not demonstrate a "rare circumstance" where certification is "advisable." *Wisniewski v. United States*, 353 U.S. 901, 902 (1957).

No. 25-20290

The judgment of the district court is AFFIRMED; the certification motion is DENIED.