# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2026

Lyle W. Cayce
Clerk

No. 25-60328

Carlton Campbell,

*Plaintiff—Appellant*,

*versus*

Harrison County Circuit Court; Harrison County
Probation; Crosby Parker; Billy Stage; Joel Smith;
Damian Holcomb,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:24-CV-224

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Carlton Campbell, proceeding pro se in district court and on appeal, challenges the Rule 12(b)(6) dismissal of his civil-rights action under 42 U.S.C. § 1983. Campbell alleges various constitutional violations arising from a probation revocation hearing for his 2017 Mississippi

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60328

conviction of unlawful possession of a firearm by a convicted felon. We
AFFIRM the district court's dismissal of all claims.

Following a 2016 traffic stop, Campbell was convicted of Mississippi
Code § 97-37-5 for possession of a firearm by a convicted felon predicated on
a 1997 felony conviction and sentenced to five years of imprisonment and five
years of post-release supervision. Campbell was paroled prior to serving his
full sentence, but the Mississippi Department of Corrections later filed a
petition to revoke Campbell's post-release supervision for failure to pay
$2,873.50 in court costs.

Campbell subsequently filed constitutional claims under 42 U.S.C.
§ 1983 against various defendants, including Damian Holcomb, his court-
appointed counsel at his conviction; Harrison County Circuit Court;
Harrison County Probation; and Crosby Parker, Billy Stage, and Joel Smith
(the "Prosecutor Defendants"), the prosecutors that pursued his conviction.
The district court dismissed the claims against all defendants pursuant to
Federal Rule of Civil Procedure 12(b)(6). The district court held that
Harrison County Circuit Court, Harrison County Probation, and the
Prosecutor Defendants were protected by immunity and that Holcomb had
not violated Campbell's constitutional rights. As alternative grounds to
support dismissal, the district court held that Campbell's claims were barred
by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Campbell also sought leave to amend to add as a defendant Judge Lisa
P. Dodson, the Harrison County Circuit Court judge who presided over
Campbell's criminal proceedings. The district court denied Campbell's
motion, finding that amendment would be futile because Judge Dodson is
immune from suit for judicial functions arising out of her official capacity.
The district court also noted that, to the extent Campbell seeks to add Judge
Dodson to prevent her from revoking his supervised release, the *Younger*

2

abstention doctrine applies. *See Younger v. Harris*, 401 U.S. 37 (1971). Campbell timely appealed. *See* Fed. R. App. Pro. 4(a).

Because Campbell is a pro se appellant, we liberally construe his filings. *Moler v. Wells*, 18 F.4th 162, 168 n.10 (5th Cir. 2021). However, "pro se parties must still brief the issues." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 n.10 (5th Cir. 2017) (citation modified). We understand Campbell's appeal to include allegations that the district court erred in finding that his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were not violated. Campbell also challenges the district court's denial of his motion for leave to amend. We review dismissals under Rule 12(b)(6) de novo. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). Although we generally review the denial of a motion for leave to amend for abuse of discretion, when the district court's sole grounds for denial is futility, we review the denial de novo. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

Campbell failed to adequately brief all issues on appeal. *See Alexander*, 875 F.3d at 248 n.10. Even if he had properly briefed his arguments, Campbell's claims nevertheless fail. First, Campbell was not entitled to court-appointed counsel at his revocation hearing; thus, the failure of Holcomb to appear, especially after his attorney-client relationship had been terminated years prior, did not effect a Sixth Amendment violation. *United States v. Carrillo*, 660 F.3d 914 (5th Cir. 2011) (finding that defendants are not automatically guaranteed a right to counsel at revocation hearings) (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)).

Campbell's remaining claims fail because he brings suit against defendants who are protected by immunity. We agree with the district court that the Prosecutor Defendants are immunized from suit. *See Wearry v. Foster*, 33 F.4th 260, 265–66 (5th Cir. 2022) (recognizing absolute immunity

for prosecutors performing their prosecutorial function). Campbell does not present any legal authority or argument that he sues the Prosecutor Defendants for activities arising outside of their prosecutorial functions. *See id.*

Finally, the district court did not err in denying Campbell leave to amend to add Judge Dodson as a defendant. The district court may refuse to grant leave to amend when doing so would be futile. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). The district court properly found that leave would be futile because Judge Dodson is immunized from suit. *See Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) (observing that "judges enjoy absolute immunity for judicial acts performed in judicial proceedings") (citation modified). Campbell alleges no facts indicating that he intended to bring claims against Judge Dodson that would fall outside her shield of immunity for exercising her judicial role. *See id.* Because we find that Judge Dodson is immune from suit, we do not address the district court's application of the *Younger* abstention doctrine.

Thus, the district court properly dismissed the claims against all other named defendants because they are immune from suit. Because we affirm the district court's dismissal of all defendants for the reasons described above, we do not consider the district court's alternate basis for dismissal, that the claims are *Heck* barred.

For the foregoing reasons, the district court's judgment is AFFIRMED.